CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
ROANOKE DIVISION

MAR 3 0 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| **BRITTNEY MAY SIMMS,** | ) | **Case Nos.  7:12-cv-00038** |
| | ) | **7:12-cv-00039** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DEGGELLER ATTRACTIONS, INC.,** | ) | |
| | ) | **By: James C. Turk** |
| | ) | **Senior United States District Judge** |
| Defendant. | ) | |

| | |
|---|---|
| **GEORGE P. ROSENBERRY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DEGGELLER ATTRACTIONS, INC.,** | ) |
| | ) |
| Defendant. | ) |

These related actions were originally filed in the Circuit Court for the City of Salem and removed to this Court on January 27, 2012. *See* ECF No. 1.[1] Concurrent with its removal of the actions, Defendant Deggeller Attractions, Inc. ("Deggeller") filed Motions to Dismiss Count One of each Complaint. Simms and Roseberry each filed a Response,[2] to which Deggller replied.

---

[1] These two cases, although alleging identical causes of action and nearly identical facts, were filed as separate actions in state court, and were thereby removed as individual cases. Unless otherwise noted, references to docket numbers and litigation documents in this Opinion and Order refer to filings in both cases.

[2] Deggller argues that the tardiness of the Plaintiffs' opposition briefs militates that the Court should consider its motions unopposed. Deggller is correct that the Plaintiffs' responses were submitted far outside the 14 day window ordinarily allowed for the filing of opposition briefs. *See* W.D. Va. Civ. R.

Oral argument was held in chambers on March 28, 2012 and the matter is now ripe for decision. For the reasons stated below, Deggller's Motions to Dismiss (ECF No. 4) are **GRANTED**.

## I.      Factual and Procedural Background

The Court relates the facts in the light most favorable to Plaintiffs. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Here, the City of Salem, Virginia ("Salem") issued a Request for Proposal for the exclusive right to operate and conduct a "carnival midway," which consisted of rides, games, shows, and concession stands at the Salem Fair and Exposition which was held at the Salem Civic Center in June and July 2011 ("the Fair"). Compl., Ex. 1 to ECF No. 1, ¶ 1. Deggller, apparently the high bidder, entered into a contract with Salem to operate the carnival midway at the Fair. Id. One of the rides Deggller operated at the Fair was the Riptide roller coaster. On or about July 3, 2011, Plaintiffs Simms and Roseberry purchased tickets to the Fair and at some point proceeded to ride the Riptide. Id ¶ 4.

While the Plaintiffs were riding the Riptide, their car travelled to the top of the roller coaster and came to a sudden stop. Id. They attempted to alert the employee who was operating the ride that their car had stopped. The operator looked up and observed the position of the car and the people trying to get his attention, but nonetheless released a second car which collided with the Plaintiffs' car, causing them to suffer injuries. Id. ¶¶ 4–5.

The Plaintiffs filed suit in the Circuit Court for the City of Salem, Roseberry v. Deggeller Attractions, Inc., No. CL11-523 (Va. Cir. Ct. Dec. 21, 2011); Simms v. Deggeller Attractions, Inc., No. CL11-522 (Va. Cir. Ct. Dec. 21, 2011), alleging state law claims of (1) breach of

---

11(c)(1). The Court, while cognizant of its discretion to disregard late-filed briefs, declines to exercise that discretion here. Considering the dearth of authority in the Plaintiffs' responses, this decision does Deggller no great harm.

contract and (2) negligence.  Deggeller, invoking federal diversity jurisdiction, removed the actions to this Court and concurrently moved to dismiss the breach of contract claims for failure to state a claim.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint.  Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  A complaint must include a short and plain statement of the claim(s) under which the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Under the notice pleading standard employed by the federal courts, the complaint need only "give the defendant notice of what the claim is . . . and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   In order to survive a motion to dismiss, however, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl., 550 U.S. at 555.  In considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true all of the complaint's factual allegations and take the facts in the light most favorable to the plaintiff.  Giarratano, 521 F.3d at 302.

## III.   Discussion

Count One of the Complaint alleges that Deggeller breached its contractual duty to the Plaintiffs to maintain and operate the roller coaster "in a safe reasonable and prudent manner."  Compl. ¶ 7.  This contractual duty, Plaintiffs claim, arose out of the implied contract that was formed when they purchased tickets to the fair.  Deggller argues that this count must be dismissed because no such contractual duty exists under Virginia law.

These cases having been removed to this Court on the basis of federal diversity jurisdiction, the Court must apply the substantive law of Virginia.  *See generally* Erie R. Co. v.

Tompkins, 304 U.S. 64, 78 (1938).   In Virginia, "the determination whether a cause of action sounds in contract or tort depends on the source of the duty violated."   Kaltman v. All Am. Pest Control, Inc. 706 S.E.2d 864, 869 (Va. 2011).   Here, the parties do not dispute that the action sounds in tort.   Indeed, the second count of the Plaintiffs' respective Complaints puts forth a claim for common law negligence.   Compl. ¶¶ 9–11.   And Plaintiffs correctly note that nothing prevents them from pleading in the alternative.   *See* Fed. R. Civ. P. 8(d); Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc., 190 F.Supp. 785, 792 (D. Md. 2002) (recognizing plaintiff's ability to plead contract and quasi-contract claims, despite his inability to recover under both causes of action).   But in order to survive a motion to dismiss, each of the claims in the Complaint must allege an independently cognizable violation of law.   *Accord* Barry v. EMC Mortg., No. DKC 10-3120, 2011 WL 2669436 (D. Md. July 6, 2011) (dismissing negligence claim where plaintiffs failed to allege any legal duties or obligations of defendant outside its contractual relationship with plaintiffs); Spencer v. Am. Int'l. Grp., Inc., No. 3:08-cv-00591, 2009 WL 47111 at *4 (E.D. Va.  Jan. 6, 2009) (Moon, J.) (refusing to allow pleading of "malicious defamation" and "negligent defamation" because Virginia law does not distinguish causes of action for defamation on the basis of level of intent).   The question before the Court, then, is whether Virginia recognizes a cause of action for breach of contract under these circumstances.   The Court finds that it does not.

## A.  Implied Contract

As an initial matter, the Court must determine whether the Plaintiffs' purchase of an admission ticket forms a contract at all.   The answer to this inquiry is undeniably yes.   In W.W.V. Co., Inc. v. Black, 75 S.E. 82 (Va. 1912), the Virginia Supreme Court recognized that the purchase of a theatre ticket gives rise to an implied contract that grants the patron a revocable

license to use the premises. *Id.* at 83–84. *See also* <u>Scott v. Young</u>, 421 F.2d 143, 145 (4th Cir. 1970) (recognizing, in civil rights context, that payment of admission fee to privately-owned Virginia recreational facility "unquestionably" created a contract); 18 MICHIE'S JURISPRUDENCE OF VIRGINIA AND WEST VIRGINIA, Theaters, Shows, and Fairs, § 1 at 531 (LexisNexis 2005 & 2010 Supp.) ("Under common law principles, a ticket to a place of entertainment or recreation is regarded as a contract"). The same principle applies here, where Simms and Rosenberry paid money to Deggller in exchange for the right to enter the fairgrounds. It is clear that the Plaintiffs purchase of admission to the Fair formed an implied contract.

### B. Contractual Duty to Maintain and Operate Rides Safely

Deggller correctly points out that the Virginia courts have never recognized an action for breach of contract under these particular circumstances. But nor have they squarely rejected such an action. Accordingly, it is this Court's role to predict how the Supreme Court of Virginia would rule on the issue, and issue its decision in accordance with that prediction. *See* <u>Horace Mann Ins. Co. v. Gen. Star Nat'l Ins. Co.</u>, 514 F.3d 327, 329 (4th Cir. 2008). A glance at the law of other jurisdictions reveals a divergence of views. *Compare* <u>Sells v. Six Flags Over Tex., Inc.</u>, No. Civ.A. 3:96-CV-1574-D, 1997 WL 527320 at *5 (N.D. Tex. Aug. 14, 1997) (rejecting cause of action based on contract implied from purchase of admission ticket for injuries sustained at amusement park) *with* <u>Sims v. Etowah Cnty. Bd. of Educ.</u>, 337 So.2d 1310, 1313–14 (Ala. 1976) (recognizing that the purchase of high school football ticket gives rise to an implied contractual promise that premises are reasonably safe for purpose of viewing the game), *overruled on other grounds by* <u>Ex Parte Hale Cnty. Bd. of Educ.</u>, 14 So.3d 844 (Ala. 2009).

In Virginia, where "the relation of the plaintiff and the defendant[] be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are

negligent, then the action is one of tort." Oleyar v. Kerr, 225 S.E.2d 398, 399–400 (Va. 1976)

(quoting Martin P. Burks, et al, COMMON LAW AND STATUTORY PLEADING AND PRACTICE § 234

at 406 (4th ed. 1952)).  Under these facts, Simms and Rosenberry were Deggeller's invitees.  *See*

Bauer v. Harn, 286 S.E.2d 192, 194–95 (Va. 1982) ("A person is an invitee when the landowner

or occupier has extended an express or implied invitation to the visitor and the visitor enters

pursuant to the invitation.").  As the invitor, Deggeller owed the Plaintiffs a duty of ordinary

care, and thus an action lies for tort.  *See* Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.,

507 S.E.2d 344, 347 (Va. 1998).

Degglier maintains that since the allegations give rise to a claim for common law

negligence, a tort, a contractual claim is necessarily barred.  This argument proves too much.

The Virginia Supreme Court has recognized that "a single act or occurrence can, in certain

circumstances, support causes of action both for breach of contract and for breach of duty arising

in tort." Kaltman, 706 S.E.2d  at 869 (citing Abi-Najm v. Concord Condo., LLC, 699 S.E.2d

483, 489 (Va. 2010)).  But here, the sole basis of the Plaintiffs' breach of contract claim is the

implied contract that arose when they purchased tickets to the fair.  The extent of that contract is

limited.  Under the principles enunciated in W.W.V. Co., in exchange for accepting funds from

the Plaintiffs, Degglier acquired a contractual duty to provide them a revocable license, which in

this context amounts to nothing more than permission to enter the fairgrounds and make use of

the amusements thereon.  75 S.E. at 83.  *See* BLACK'S LAW DICTIONARY 1002 (9th ed. 2009)

(defining license).  Had they been improperly denied such access, Simms and Rosenberry could

have brought an action for breach of contract.  But simply because a contract was formed, it does

not necessarily follow that Degglier impliedly promised to "maintain and operate the Riptide

roller coaster in a reasonable safe and prudent manner . . . ." Compl. ¶ 7.  As noted above, while

amusement park operators do not act as insurers, they do owe their patrons a duty of reasonable care, aside from any contractual obligations. Whitfield v. Cox, 52 S.E.2d 72, 73 (Va. 1949). Under these circumstances, it would be an odd thing if an implied contract gave rise to an additional duty to use reasonable care where a legal duty to do so already exists.[3]  Having reviewed the limited authority on this issue, the Court finds that in Virginia, the implied contract created by the purchase and sale of a fair ticket is simply one that grants the patron a revocable license to access the grounds and the attractions thereon; it does not create a duty of the sort the Plaintiffs claim.  Accordingly, Plaintiffs have failed to state a claim for breach of contract, and the Court is thereby obliged to dismiss Count One of their Complaints.

**IV.**   **Conclusion**

For the foregoing reasons, Deggller's Motions to Dismiss (ECF No. 4) are **GRANTED**. Count One of Simms and Rosenberry's Complaints, respectively, is **DISMISSED.**  The causes of action for negligence shall remain.

**IT IS SO ORDERED.**

**ENTER**: This 20th day of March, 2012.

_____
Senior United States District Judge

---

[3] A wholly separate question, which the Court need not address here, is whether Simms and Rosenberry, as intended beneficiaries, have a cause of action against Deggeller for Deggeller's breach of its express contract with the City of Salem.